Filed 12/15/25  P. v. Medina CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B343382 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. PA054052 |
| v. | |
| EDWARDO MEDINA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David B. Walgren, Judge.  Dismissed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Edwardo Medina appeals from a postjudgment order (1) denying his motion for relief under the Racial Justice Act (Pen. Code,[1] §§ 745, 1473, subd. (e)) (RJA); and (2) taking no action on his petition for recall and resentencing under section 1172.1. His appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 raising no issues. Medina filed a supplemental brief. We conclude that the trial court's order was not appealable and dismiss the appeal.

We begin by explaining why Medina's motion for relief under the RJA is not appealable.[2] As background, Medina was convicted of four felonies in 2008, including kidnap for ransom (§ 209), and was sentenced to life without the possibility of parole plus additional determinate terms in prison. Medina's judgment has thus long been final. (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206 [a case is final once the time for petitioning for a writ of certiorari has passed]; U.S. Supreme Ct. Rules, rule 13-1 [petition for writ of certiorari is timely if filed with the clerk of the United States Supreme Court within 90 days after entry of judgment of a state court of last resort].) A defendant, like Medina, whose judgment is already final and who is currently incarcerated, is permitted to bring an RJA claim only in a

---

[1] All undesignated statutory references are to the Penal Code.

[2] The RJA (§ 745) precludes the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin. It provides remedies upon proof of a violation for defendants in ongoing criminal prosecutions, and also for convicted defendants whose convictions are already final if they are eligible to seek relief under the applicable provision of the statute. (§ 745, subds. (e) & (j).)

2

petition for writ of habeas corpus pursuant to section 1473. (§ 745, subd. (j); *People v. Hodge* (2024) 107 Cal.App.5th 985, 1000 (*Hodge*).) Because Medina raised his RJA claim in a motion, the trial court lacked jurisdiction to act on that motion, and the court's order denying that motion is not appealable. (*Hodge*, *supra*, 107 Cal.App.5th at p. 999, citing *People v. Loper* (2015) 60 Cal.4th 1155, 1165-1166.) Additionally, to the extent the trial court treated Medina's motion as a petition for habeas corpus, the court's ruling denying that petition also is not appealable. A defendant may not appeal a trial court's denial of a habeas petition, but may seek review only through a subsequent habeas petition filed in a reviewing court. (See *Hodge*, *supra*, 107 Cal.App.5th at p. 1000, fn. 5.)

We now turn to Medina's section 1172.1 resentencing motion. Section 1172.1 expressly denies defendants the right to file a petition for resentencing under that section and expressly excuses the trial court from acting on any such request by a defendant. (§ 1172.1, subd. (c).) Because the trial court chose to disregard Medina's request, as it was entitled to do under section 1172.1, there was no order from which to appeal. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046-1047; *Hodge*, *supra*, 107 Cal.App.5th at p. 993.)

Because the trial court's order denying Medina's motion was not appealable, we must dismiss the appeal. Medina has raised no argument in his supplemental brief overcoming the fact that this appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                         TAMZARIAN, J.

We concur:


ZUKIN, P. J.


COLLINS, J.